

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2002

# Diaz v. Warden Fairton

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-2581

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Diaz v. Warden Fairton" (2002). *2002 Decisions.* Paper 383.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/383

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HECTOR SAMUEL DIAZ

v.

WARDEN FCI FAIRTON

Hector Samuel Martinez Diaz, Appellant
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 00-cv-00980)
District Judge: Honorable Joseph E. Irenas

_____

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2002
Before: BECKER, Chief Judge, ALITO and AMBRO,
Circuit Judges.

(Filed: July 9, 2002)
_____

OPINION
_____

BECKER, Chief Judge.

Hector Samuel Diaz appeals from an order of the District Court denying his Petition for habeas corpus brought pursuant to 28 U.S.C. 2241. What appears from his papers, however, is that Diaz is in reality attempting to collaterally attack his conviction and sentence in the District Court of the Virgin Islands. This is demonstrated by a summary of his claims in the margin. The law is clear, however, that 2241 is not an available alternate for collaterally attacking a federal criminal sentence. Pursuant to 28 U.S.C. 2255, such a post-sentence challenge must be presented by motion to the sentencing court, and a non-sentencing district court has no jurisdictional authority to consider it. The exception to 2255, which allows resort to original habeas jurisdiction under 2241, is efficacious only when a federal prisoner's ability to test his detention by motion is inadequate or ineffective.

Diaz relies on In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), but it is clear under Dorsainvil that 2255 is not rendered inadequate or ineffective simply because a prisoner missed the chance to raise an argument that could have been raised but was not, or was unsuccessful in raising the argument. Dorsainvil recognizes a highly limited exception to the barriers erected by the AEDPA, which arose in that case in the "uncommon situation" of an inmate who, by reason of those barriers, never had an opportunity to challenge his conviction in light of the Supreme Court's subsequent decision in Bailey v. United States, 516 U.S. 137 (1995), which determined that the offense for which Dorsainvil had been convicted and sentenced was not an offense at all.

That exception is not applicable here. Diaz failed to demonstrate the manner in which 2255 was or could be considered inadequate or ineffective to test his continued detention. He plaintively laments the failures of his prior counsel. But the asserted failure of counsel to brief one or more sentencing issues on direct appeal does not render 2255 inadequate.

The situation is not changed by Diaz's reliance on Apprendi v. New Jersey, 530

U.S. 466 (2000), which was not even raised in his petition.  At all events, Apprendi does not require that all sentencing enhancement factors be tried to and determined by a jury as Diaz would have it, but only those, other than a prior conviction, that result in a sentence beyond the allowable maximum.  Vasquez v. United States, 271 F.3d 93, 98, 104 (3d Cir. 2001) (en banc).  That is not the case here.  Moreover, Apprendi has yet to be made retroactively applicable by the Supreme Court and, therefore, could have no application to his sentence in any event.  See Harris v. United States, 2002 U.S. App. LEXIS 4652, at *65 (June 24, 2002) (Thomas, J., dissenting) ("No Court of Appeals, let alone this Court, has held that Apprendi has retroactive effect.").

The essence of Diaz's position is summed up in his Reply Brief:

> The Appellant has never had a meaningful review of the contentions raised on this appeal. It is clear from the order of the Virgin Island District Court denying Appellant's first 28 U.S.C.  2255 petition that it would not have considered a new petition raising the contentions currently before this court. No appellate court ever considered the propriety of the dismissal of Appellant's original 28 U.S.C.  2255 petition. It is obvious from this record that Appellant's attempts to set forth in a scholarly way the issues which merited consideration on petition for habeas corpus and his inability to properly protect his rights on appeal were both the direct result of the fact that he was proceeding pro se coupled with the fact that he has been moved frequently from prison to prison both on and off of the mainland of the United States. Appellant simply was never at the right place at the right time with the right resources to protect his rights. This court has the power to finally accord these very important issues the attention they deserve and to accord Appellant a meaningful review. Whether this court had been presented with a timely appeal from the denial of Appellant's original 28 U.S.C. 2255 Petition or whether, as is now the case, this court is reviewing the decision of the Federal District Court at Camden, New Jersey, it is still this court who would be called upon to decide the contentions raised by Appellant. Appellant requests that, in the interest of fairness, judicial economy and finality that this court address the merits of the argument raised by him on this appeal and that this court grant the relief requested by Appellant in his original brief.

Diaz's account of his difficulties and his invocation of "fairness, judicial economy and finality" may have emotional appeal, but it is insufficient to confer upon a federal court jurisdiction (under  2241) that it does not possess.

The order of the District Court dismissing the petition for lack of the jurisdiction will be affirmed.

_____

TO THE CLERK:

Please file the foregoing Opinion.

BY THE COURT:

/s/Edward R. Becker
Chief Judg